Robert O. Rice (6639)
Katherine E. Priest (14758)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
Telephone: (801) 532-1500
rrice@rqn.com
kpriest@rqn.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 1ST CLASS STAFFING, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>SILVIA K. CAMPOS-GARCIA,<br><br>　　　Defendant. | **ATTORNEY PLANNING MEETING REPORT**<br><br>Case No. 2:21-cv-00487-DBP<br><br>Judge David B. Barlow |

**1.    PRELIMINARY MATTERS:**

a.     Nature of the claims and defenses: Plaintiff makes one claim for breach of contract against Defendant and alleges that Defendant breached a Non-Competition, Non-Solicitation, Intellectual Property, and Confidentiality Agreement with Plaintiff through her employment with Partners Personnel Management Services, LLC.  Defendant denies Plaintiff's allegations and asserts factual and legal defenses as set forth in the Answer to Complaint, Dkt. 17.

b.     This case is not assigned to a magistrate judge.

c. Pursuant to Fed. R. Civ. P. 26(f) an attorneys' planning meeting was held September 8, 2021. Katherine E. Priest of Ray Quinney & Nebeker P.C. participated in the meeting on Plaintiff's behalf. Wesley F. Harward of Stoel Rives LLP participated in the meeting on Defendant's behalf.

d. Pursuant to Fed. R. Civ. P. 26(a)(1)(C), the parties will exchange the initial disclosures required by Rule 26(a)(1) no later than **September 30, 2021**.

e. Pursuant to Fed. R. Civ. P. 5(b)(2)(D), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by e-mail transmission. Electronic service will constitute valid service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

**2. DISCOVERY PLAN**

The parties jointly propose to the court the following discovery plan:

a. Discovery is necessary on the following subjects: Factual allegations, claims, defenses, and other issues raised in the parties' pleadings.

b. Discovery will not be conducted in phases, other than the expedited discovery that has already occurred, and expert discovery (as explained below), and will not be limited or focused upon particular issues.

c. Plaintiff moved for expedited discovery that would not count against the discovery limitations to which both parties are subject under the Federal Rules of Civil Procedure. Accordingly, it is Plaintiff's position that expedited discovery should not count against the discovery limitations set forth below, including the time spent in the depositions of Defendant Campos-Garcia and Joel Steadman, pursuant to expedited discovery as allowed by

this Court. It is Defendant's position that deposition time accrued during the expedited discovery phase should be counted against the total deposition time allotted in subsection (d) below.

    d.    Designate the discovery methods to be used and the limitations to be imposed.

        (1)    Oral Exam Depositions

Plaintiff: **15**

Defendant: **15**

Maximum no. hrs. per deposition: **7.** It is Plaintiff's position that Defendant and Joel Stedman may be deposed an additional 7 hours. It is Defendant's position that Defendant and Joel Stedman may only be deposed for four more hours.

        (2)    Written Discovery

Interrogatories: 20

Requests for Admissions: **20**

Requests for production of documents: **30**

        (3)    Other discovery methods:

As allowed pursuant to the Federal Rules of Civil Procedure, including the provisions of Fed. R. Civ. P. 26(b)(5)(B).

    e.    Discovery of electronically stored information (ESI) should be handled as follows:

        (1)    ESI will be produced in black and white single-page TIFF images, or its equivalent as reasonably agreed to between the parties. The TIFF images shall be produced with corresponding load files, in either a generic delimited format or

other agreed-upon format, with accurate document page breaks. Each TIFF image will be labeled with a Bates number on the corresponding page.

(2)  To the extent practicable, each individual document based on an electronic file shall be accompanied by a corresponding text file with text that is extracted from the electronic file, not generated as an OCR file from the TIFF image(s). These text files will be broken up by document, not by page, meaning each document, regardless of number of pages, will have 1 text file. Each extracted text file will be named according to the first Bates number of the corresponding electronic document.

(3)  Parties will provide metadata in the requested load files for the TIFF images. Metadata will be limited to following specified fields: DOC TITLE, DOC DATE, AUTHOR or EMAIL FROM, RECIPIENT or EMAIL TO, CC, BCC, DATE SENT, DATE RECEIVED, CUSTODIAN, FILE NAME, DATE CREATED, DATE LAST MODIFIED, BEG DOC, END DOC, BEG ATTACHMENT, END ATTACHMENT, SUBJECT, FILE EXTENSION, and MD5HASH. There is no obligation on the producing party to create metadata where none exists or is not reasonably available. Any responsive email attachments shall be produced in a way so as to preserve the relationship between emails and their attachments.

(4)  Documents may be de-duplicated on a global or custodian basis. If a party elects to de-duplicate on a global basis, they must disclose the names of all document custodians by populating the All Custodians field in the metadata load

file. In general, de-duplication is based on the calculation of a value (*e.g.*, MD5, SHA256) based on the content of each file. These values are then compared across the population and duplicates are removed from the review and production process as appropriate within each party's processes.

(5) In the event that production of a document in TIFF would be impracticable, the producing party shall have the option of producing such document in native format. Native files should be produced with accompanying slip sheets indicating that the document has been produced as a native file. Notwithstanding the above, any ESI including or constituting spreadsheets, videos, animations, or audio files shall be produced in native format.

(6) The parties will seek to agree upon the scope of custodian records to be searched for production of responsive material and the keywords to be used by each party in such searches. If an agreement cannot be reached, either party may raise the matter with the Court.

(7) Paper (hard copy) documents shall be scanned, logically unitized, and produced electronically as specified above.

f. The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: the parties agree to proceed in accordance with Fed. R. Civ. P. 26(b)(5)(B). In addition, the parties agree that the Standard Protective Order identified in DUCivR 26-2(a)(1) shall govern in this matter.

g. The last day to serve written discovery is **2/28/22**

h. The close of fact discovery is **3/31/22**

  i. The final date for supplementation of disclosures under Rule 26(a)(3) and of discovery under Rule 26(e) is **1/31/22**

  3. **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

  a. The cutoff date for filing a motion to amend pleadings is: **11/30/21**

  b. The cutoff date for filing a motion to join additional parties is: **11/30/21**

  4. **EXPERT REPORTS**:

  a. Reports from experts under Rule 26(a)(2) will be submitted on:

  Party(ies) being burden of proof:

  Plaintiff: **3/31/22** Defendant: **3/31/22**

  Counter Reports: Twenty-eight (28) days after the dates set forth in section 4(a).

  5. **OTHER DEADLINES**:

  a. Expert Discovery Cutoff: **5/28/22**

  b. Deadline for filing dispositive or potentially dispositive motions: **7/30/22**

  c. If either party files a dispositive motion prior to expert discovery, notwithstanding any other provision of this report, the parties wish to delay expert discovery until the Court has entered a ruling on any dispositive motion.

  6. **ADR/SETTLEMENT**:

  a. The potential for resolution before trial is: \_\_\_ good \_\_\_fair _X_ poor

  b. This case should not be referred to the court's alternative dispute resolution program.

  c. The parties may engage in private alternative dispute resolution after dispositive motions are ruled upon.

    d.    The case should be re-evaluated for settlement/ADR resolution on **3/31/22.**

**7.    TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have <u>14</u> days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3).

    b.    This case should be ready for trial, if necessary, by **11/30/22.**

        Specify type of trial:    Jury    X    Bench

    c.    The estimated length of the trial is 5 days.

DATED this 10th day of September 2021.

| | |
|---|---|
| RAY QUINNEY & NEBEKER P.C. | STOEL RIVES LLP |
| /s/    Robert O. Rice<br>Robert O. Rice<br>Katherine E. Priest<br>*Attorneys for Plaintiff* | /s/  Wesley F. Harward (signed with permission)<br>Lauren A. Shurman<br>Wesley F. Harward<br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2021, I electronically filed the foregoing **ATTORNEY PLANNING MEETING REPORT** using the CM/ECF system of the District Court of the State of Utah which sent notification of such filing to:

>Lauren A. Shurman
>Wesley F. Harward
>STOEL RIVES LLP
>201 S Main Street, Suite 1100
>Salt Lake City, UT 84111
>lauren.shurman@stoel.com
>wesley.harward@stoel.com
>
>*Attorneys for Defendant*

/s/ Marci Meyers

1577528