Lauren A. Shurman (11243)
lauren.shurman@stoel.com
Wesley F. Harward (15623)
wesley.harward@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
(801) 328-3131

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| 1ST CLASS STAFFING, LLC,<br><br>Plaintiff,<br><br>v.<br><br>SILVIA CAMPOS-GARCIA,<br><br>Defendant. | **DEFENDANT'S SUPPLEMENTAL BRIEF RE STIPULATED MOTION FOR SCHEDULING CONFERENCE**<br><br>Case No. 2:21-cv-00487-DBB-DAO<br><br>Judge David Barlow<br>Magistrate Judge Daphne A. Oberg |

Pursuant to the Court's September 15, 2021 Order (Docket 25), Defendant hereby submits this supplemental brief regarding the dispute set forth in the Attorney Planning Meeting Report. As set forth in the Attorney Planning Meeting Report, Defendant contends that the expedited depositions taken in this matter in connection with Plaintiff's withdrawn Motion for Preliminary Injunction should count against the seven-hour deposition limit set forth in Federal Rule of Civil Procedure 30.

112479639.2 0074608-00002

## BACKGROUND

Plaintiff 1st Class Staffing, LLC ("1st Class") asserts a single claim against Defendant Silvia Campos-Garcia for breach of contract. (Complaint, Docket 3-2.) 1st Class is a temporary staffing agency that provides staffing services to its clients. (*Id.* ¶ 7.) Ms. Campos-Garcia was formerly employed by 1st Class as an Area Manager in New Jersey. (*Id.* ¶ 25.) In July 2021, Ms. Campos-Garcia resigned from 1st Class and accepted employment at another staffing company.

1st Class filed a Complaint against Ms. Campos-Garcia on August 5, 2021 (*see generally id.*), and the action was removed to this Court on August 11, 2021 (Docket 2). 1st Class filed a Motion for Preliminary Injunction ("PI Motion") on August 16, 2021. (Docket 8.) In its PI Motion, 1st Class (incorrectly) contended that Ms. Campos-Garcia was in breach of a non-competition agreement and should be enjoined from working at her new place of employment. (*Id.*) Also on August 16, 2021, 1st Class filed a "Motion for Expedited Discovery." (Docket 9.) 1st Class claimed that its Motion for Expedited Discovery was brought under Federal Rule of Civil Procedure 16 to alter the "traditional sequence of discovery" to "allow accelerated discovery." (*Id.*) It was *not* brought under Federal Rule of Civil Procedure 26 or 37 to seek leave to conduct *additional* discovery.[1] (*See id.*) 1st Class requested that the parties be allowed to conduct two depositions each "not to exceed three hours" before September 1, 2021. (*Id.* at 2.) The Court held a status conference and granted in part and denied in part 1st Class's Motion for Expedited Discovery. (Docket 14.) Specifically, the Court allowed each side to "take one deposition before September 1, 2021." (*Id.*) Pursuant to that ruling, 1st Class deposed Ms.

---

[1] According to 1st Class, this is why it did not meet and confer with counsel prior to filing its Motion for Expedited Discovery.

Campos-Garcia for three hours on August 31, 2021. Similarly, counsel for Ms. Campos-Garcia deposed 1st Class's President, Joel Steadman, on September 1, 2021.

Ironically, the expedited discovery 1st Class insisted on conducting proved to be the undoing of its own arguments. 1st Class recognized that its PI Motion was without basis, and it formally withdrew it shortly after the depositions. (Docket 18.)

## ARGUMENT

Despite having already deposed Ms. Campos-Garcia for three hours and withdrawn its PI Motion, 1st Class now contends that it should be permitted to depose her again for seven *more* hours. 1st Class's position is inconsistent with applicable rules and the needs of this case. Rule 30(d) provides that depositions are "limited to one day of 7 hours." Fed. R. Civ. P. 30(d)(1). That time limit applies unless additional time is "needed to fairly examine the deponent" and if the additional time is consistent with Rule 26(b)(1) and (2). *Id.* In reviewing a request to extend the length of depositions under Rules 30(d)(1) and 26(b), the Court must consider, among other things, the proportionality to the needs of the case, the issues at stake in the action, the amount in controversy, the parties' resources, and whether the burden and expense of the proposed discovery outweigh its likely benefit. Fed. R. Civ. P. 26(b)(1). The parties do not disagree that Ms. Campos-Garcia and Mr. Steadman can be deposed again. But there is no reason why the time for which they have already been deposed should not count toward the normal seven-hour limit.

1st Class has not demonstrated, and cannot demonstrate, a need for additional deposition time to "fairly examine" Ms. Campos-Garcia. The advisory committee's note to Rule 30 instructs that a party seeking to enlarge the time limit for a deposition must demonstrate good

3

cause to justify the enlargement. Fed. R. Civ. P. 30 advisory committee's note to 2000 amendment. Good cause may be shown by factors such as the need for an interpreter, the need to cover events spanning a long period of time, the need to ask about numerous or lengthy documents, or the need for multiple attorneys to examine the witness in a multi-party case. *Id.* None of these factors are present here. This case is not uniquely complicated—it is a straightforward breach of contract action involving two parties that spans events that occurred over the course of *weeks*, not years. There is no reason why a total of seven hours of deposition would be inadequate "to fairly examine" Ms. Campos-Garcia.

      1st Class appears to contend that the depositions taken should not count because they were limited to issues raised by its PI Motion. But that is nothing more than sleight of hand. The issues related to 1st Class's PI Motion are inherently and inextricably tied to the merits of the case. Indeed, one element of preliminary injunction is likelihood of success on the merits. 1st Class spent three hours deposing Ms. Campos-Garcia about, among other things, her employment history, her employment with 1st Class, the non-compete agreement at issue in this case, and her position and responsibilities with her new employer. In short, 1st Class spent three hours deposing Ms. Campos-Garcia about the merits (or, more accurately, the lack thereof) of 1st Class's sole claim in this action.

      At the very least, 1st Class has not even attempted to exhaust the seven hours permitted by rule, and its request for additional time is premature. *See, e.g., Gen. Elec. Co. v. Indem. Ins. Co. of N. Am.*, No. 3:06-CV-232 (CFD), 2006 WL 1525970, at *3 (D. Conn. May 25, 2006) ("Like the number of depositions, courts have viewed Rule 26(b)(2) as containing an exhaustion requirement with regard to moving for leave to extend a deposition."); *Malec v.*

4

*Trs. of Bos. Coll.*, 208 F.R.D. 23, 24 (D. Mass. 2002) ("[T]he better practice is for the deposition to go forward to determine how much is able to be covered in the seven hours and, then, if additional time is needed, for counsel to stipulate to extend the deposition for a specific additional time period. If the parties cannot reach a stipulation, then Court intervention may be sought."); *U.S. Sec. & Exch. Comm'n v. Kandalepas*, No. 18-CV-2637, 2018 WL 4005201, at *3 (N.D. Ill. Aug. 22, 2018) ("[T]he court declines to grant the SEC additional time to depose Kandalepas until after the SEC exhausts the default time and shows that additional time is needed to fairly examine him."); *Steshenko v. McKay*, No. 09-CV-05543-RS, 2012 WL 13054713, at *2 (N.D. Cal. June 22, 2012) (denying request for additional deposition time that was based on "merely speculating that more time beyond seven hours is needed").

Moreover, additional deposition time for Ms. Campos-Garcia or Mr. Steadman is not proportional to the needs of this case and imposes undue burden and expense on the parties. 1st Class's President admitted in his deposition that he was not aware of a single customer that 1st Class has lost since Ms. Campos-Garcia's departure. Ms. Campos-Garcia was a mid-level manager at 1st Class who was paid less than $80,000 per year. This case simply does not require discovery beyond what is provided for in the Rules. And, requiring Ms. Campos-Garcia to take time off work for seven additional hours of deposition time is unwarranted. Finally, it is worth noting that1st Class brought a PI Motion that proved to be meritless—hence its withdrawal. 1st Class should not be rewarded for that filing by receiving extra deposition time. For all these reasons, Ms. Campos-Garcia respectfully requests that the Court rule that the time she and Mr. Steadman were deposed count against the seven-hour limitation.

DATED:  September 29, 2021.

    STOEL RIVES LLP

*/s/ Lauren S. Shurman*
Lauren A. Shurman
Wesley F. Harward

*Attorneys for Defendant*

6

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2021, I caused a copy of the foregoing **DEFENDANT'S SUPPLEMENTAL BRIEF RE STIPULATED MOTION FOR SCHEDULING CONFERENCE** was served upon the following via electronic filing:

Robert O. Rice
Katherine E. Priest
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah 84145-0385
rrice@rqn.com
kpriest@rqn.com

/s/ *Ann-Marie Liddell*